MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LEONARDO XUM TAMBRIZ,
OCTAVIANO XUM TAMBRIZ, and
RUBEN ROMERO ROBLES, *individually*
*and on behalf of others similarly situated,*

                                    *Plaintiffs*,

                -against-

TASTE AND SABOR LLC (D/B/A TASTE
AND SABOR),JACOB R. SELECHNIK and
NURKIA DELEON,

                                    *Defendants.*
--------------------------------------------------------X

                                                        **COMPLAINT**

                                                **COLLECTIVE ACTION UNDER**
                                                    **29 U.S.C. § 216(b)**

                                                        **ECF Case**

        Plaintiffs Leonardo Xum Tambriz, Octaviano Xum Tambriz, and Ruben Romero Robles ,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against Taste and Sabor LLC (d/b/a Taste and Sabor), ("Defendant Corporation"), Jacob R.

Selechnik and Nurkia DeLeon, ("Individual Defendants"), (collectively, "Defendants"), allege as

follows:

<u>**NATURE OF ACTION**</u>

    1.      Plaintiffs are former employees of Defendants Jacob R. Selechnik, Nurkia DeLeon,

and Taste and Sabor LLC (d/b/a Taste and Sabor).

2.     Defendants own, operate, or control a restaurant specializing in Greek and Mexican cuisine, located at 318 W. 231 Street, Bronx, NY, 10463 under the name "Taste and Sabor."

3.     Upon information and belief, individual Defendants Jacob R. Selechnik and Nurkia DeLeon, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiffs were employed as cooks at the restaurant located at 318 W. 231 Street, Bronx, NY 10463.

5.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of

1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Greek and Mexican Restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

15.     Plaintiff Leonardo Xum-Tambriz ("Plaintiff Xum" or "Mr. Xum") is an adult individual residing in Kings County, New York.

16.     Plaintiff Xum was employed by Defendants at Taste & Sabor from approximately June 15, 2018 until on or about February 12, 2020.

17.    Plaintiff Octaviano Xum-Tambriz ("Plaintiff Tambriz" or "Mr. Tambriz") is an adult individual residing in Kings County, New York.

18.    Plaintiff Tambriz was employed by Defendants at Taste & Sabor from approximately June 1, 2018 until on or about February 12, 2020.

19.    Plaintiff Ruben Romero Robles ("Plaintiff Robles" or "Mr. Robles") is an adult individual residing in Bronx County, New York.

20.    Plaintiff Robles was employed by Defendants at Taste and Sabor from approximately May 1, 2018 until on or about February 11, 2020.

*Defendants*

21.    At all relevant times, Defendants owned, operated, or controlled a Greek and Mexican Restaurant, located at 318 W. 231 Street, Bronx, NY 10463, under the name "Taste and Sabor".

22.    Upon information and belief, Taste and Sabor LLC (d/b/a Taste and Sabor) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 318 W. 231 Street, Bronx, NY 10463.

23.    Defendant Jacob R. Selechnik is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jacob R. Selechnik is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jacob R. Selechnik possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs,

establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Nurkia DeLeon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nurkia DeLeon is sued individually in her capacity as a manager of Defendant Corporation. Defendant Nurkia DeLeon possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

25.     Defendants operate a Greek and Mexican Restaurant located in the Kingsbridge section  of the Bronx in New York City.

26.     Individual Defendants, Jacob R. Selechnik and Nurkia DeLeon, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendant Jacob R. Selechnik operates Defendant Corporation as either an alter ego of  himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.     In each year from 2019 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiffs

35.     Plaintiffs are former employees of Defendants who were employed as cooks.

36.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Leonardo Xum Tambriz

37.     Plaintiff Xum was employed by Defendants from approximately June 15, 2018 until on or about February 12, 2020.

38.     Defendants employed Plaintiff Xum as a cook.

39.     Plaintiff Xum regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.     Plaintiff Xum's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Xum regularly worked in excess of 40 hours per week.

42.     From approximately September 1, 2019 until on or about February 12, 2020, Plaintiff Xum worked from approximately 7:00 a.m. or 8:00 a.m. until on or about 7:00 p.m. or 8:00 p.m., 6 or 7 days a week (typically 72 to 84 hours per week).

43.     Approximately once per month, Plaintiff Xum would work 8 hours from 6 a.m. to 2 p.m. two consecutive Sundays for Defendants' catering events.

44.     From approximately September 1, 2019 until on or about November 31, 2019, Defendants paid Plaintiff Xum a fixed salary of $750 per week.

45.     From approximately December 2019 to February 2020, Defendants did not pay Plaintiff Xum any wages for his work.

46.     Plaintiff Xum's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.     For example, Defendants required Plaintiff Xum to start working 30 minutes prior to his scheduled start time once a week, and did not pay him for the additional time he worked.

48.     Defendants never granted Plaintiff Xum any breaks or meal periods of any kind.

49.     Plaintiff Xum was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Xum regarding overtime and wages under the FLSA and NYLL.

51.     Defendants did not provide Plaintiff Xum an accurate statement of wages, as required by NYLL 195(3).

52.    Defendants did not give any notice to Plaintiff Xum, in English and in Spanish (Plaintiff Xum's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.    Defendants required Plaintiff Xum to purchase "tools of the trade" with his own funds—including knives and ingredients.

*Plaintiff Octaviano Xum Tambriz*

54.    Plaintiff Tambriz was employed by Defendants from approximately June 1, 2018 until on or about February 12, 2020.

55.    Defendants employed Plaintiff Tambriz as a cook.

56.    Plaintiff Tambriz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

57.    Plaintiff Tambriz's work duties required neither discretion nor independent judgment.

58.    From approximately September 1, 2019 until on or about Feb 12, 2020, Plaintiff Tambriz worked from approximately 2:00 p.m. until on or about 10:00 p.m., 6 days a week and from approximately 10:00 a.m. to 2:00 p.m. until on or about10:00 p.m. two Sundays per month (typically 48 to 60 hours per week).

59.    Throughout his employment, Defendants paid Plaintiff Tambriz his wages by check.

60.    From approximately September 1, 2019 until on or about February 12, 2019, Defendants paid Plaintiff Tambriz $15.00 per hour.

61.    For approximately 6 weeks from January 2020 until on or about February 12, 2020, Defendants did not pay Plaintiff Tambriz any wages for his work.

62.    Defendants never granted Plaintiff Tambriz any breaks or meal periods of any kind.

63.     Plaintiff Tambriz was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

64.     In addition, in order to get paid, Plaintiff Tambriz was required to sign a document in which Defendants misrepresented the hours that he worked per week.

65.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tambriz regarding overtime and wages under the FLSA and NYLL.

66.     Defendants did not provide Plaintiff Tambriz an accurate statement of wages, as required by NYLL 195(3).

67.     In fact, Defendants adjusted Plaintiff Tambriz's paystubs so that they reflected inaccurate wages and hours worked.

68.     Defendants did not give any notice to Plaintiff Tambriz, in English and in Spanish (Plaintiff Tambriz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Ruben Romero Robles*

69.     Plaintiff Robles was employed by Defendants from approximately May 1, 2018 until on or about February 11, 2020.

70.     Defendants employed Plaintiff Robles as a cook.

71.     Plaintiff Robles regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

72.     Plaintiff Robles's work duties required neither discretion nor independent judgment.

73.     From approximately September 1, 2019 until on or about February 11, 2020, Plaintiff Robles worked from approximately 5:30 p.m. until on or about 10:00 p.m., 6 days per week (typically 27 hours per week).

74.     From approximately October 1, 2019 until on or about December 20, 2019 Defendants paid Plaintiff Robles his wages by personal check.

75.     From approximately September 1, 2019 until on or about February 11, 2020, Defendants paid Plaintiff Robles $15.00 per hour.

76.     From approximately December 20, 2019 until on or about February 11, 2020, Defendants did not pay Plaintiff Robles any wages for his work.

77.     Defendants never granted Plaintiff Robles any breaks or meal periods of any kind.

78.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Robles regarding overtime and wages under the FLSA and NYLL.

79.     Defendants did not provide Plaintiff Robles an accurate statement of wages, as required by NYLL 195(3).

80.     Defendants did not give any notice to Plaintiff Robles, in English and in Spanish (Plaintiff Robles's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

81.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

82.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked..

83.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

84.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

85.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

86.     Defendants required Plaintiffs to sign a document that reflected inaccurate or false hours worked.

87.     Defendants paid Plaintiffs their wages in check.

88.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

89.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

90.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

91.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

92.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

93.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

94.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

95.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

96.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

97.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

99.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

100.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

101.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

102.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

103.     Plaintiffs (and the FLSA Class members)were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

104.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

106.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

107.     Plaintiffs (and the FLSA Class members)were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

108.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

110.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

111.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

112.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

113.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

115.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

116.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

117.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

119.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

120.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

121.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

123.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

124.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

126.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

127.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

129.     Plaintiffs were damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

130.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

131.     Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

132.     Defendants are liable to each Plaintiff in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)      Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

July 14, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 6, 2020

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Leonardo  Xum  Tambriz

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:               6 de marzo 2020

*Certified as a minority-owned business in the State of New York*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

————————

Faillace@employmentcompliance.com

March 6, 2020

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Octaviano Xum Tambriz
                          Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:             6 de marzo 2020

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

March 6, 2020

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Ruben Romero Robles

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:            6 de Marzo de 2020

*Certified as a minority-owned business in the State of New York*